UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Krystal Dunbar,

                                    Plaintiff,                  **COMPLAINT**

                         -against-

                                                               **JURY TRIAL DEMANDED**

4399 Bronx Chicken LLC., Ali Butt, Kabir (LNU),
Melissa (LNU),

                                    Defendants.
-------------------------------------------------------------------X

## NATURE OF ACTION

       4399 Bronx Chicken, LLC. is a Popeye's Chicken Franchise and is owned by Ali Butt. Kabir (LNU) and Melissa (LNU) were Plaintiffs managers. Krystal worked as a cashier in the Defendants' Popeye's chicken restaurant. The Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records and by failing to pay the Plaintiff overtime wages. When Plaintiff complained about this unlawful conduct, the Defendants retaliated against Plaintiff by terminating her employment. Accordingly, Plaintiff brings this action to recover lost wages due to Defendants' retaliation, unpaid wages, liquidated damages, statutory penalties and interest, and reasonable attorney fees and costs from the Defendants.

## JURISDICTION AND VENUE

1. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

2. This Court has jurisdiction under 28 U.S.C. §1331, and 29 U.S.C. § 216.

3. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

4. The venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

5. Plaintiff Krystal Dunbar ("Plaintiff") resides in the New London, Connecticut.

6. Defendant 4399 Bronx Chicken, LLC. ("Corporate Defendant") is a limited liability company formed in the State of New York and is doing business in the State of New York at 4397 White Plains Rd., Bronx, NY 10466.

7. Upon information and belief, Defendant Ali Butt ("Ali") owns all or part of Corporate Defendant, and his principal place of employment is 68 Culver Road, Suite 150, Monmouth JCT, NJ 08852.

8. On information and belief, Kabir (LNU) ("Kabir") is an individual whose principal place of

1

business is at Corporate Defendant.

9. On information and belief, Melissa (LNU) ("Melissa") is an individual whose principal place of business is at Corporate Defendant.

## **BACKGROUND FACTS**

10. Corporate Defendant is an "employer" under the FLSA.

11. Corporate Defendant is an "employer" under the NYLL.

12. On information and belief, all unlawful actions taken by Corporate Defendant are equally attributable to the individual Defendants- Ali, Kabir, and Melissa. Accordingly, all allegations set forth herein against Corporate Defendant are equally attributable to Ali, Kabir, and Melissa.

13. Corporate Defendant is a fast food establishment as defined in 12 NYCRR §146-3.13(b).

14. Corporate Defendant is an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public.

15. Corporate Defendant is engaged in the hospitality industry under the NYLL.

16. During any period of time whatsoever between March 31, 2020, through June 26, 2020, [1] Corporate Defendant had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

17. During any period of time whatsoever between March 31, 2020, through June 26, 2020, Ali had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

18. During any period of time whatsoever between March 31, 2020, through June 26, 2020, Kabir had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

19. During any period of time whatsoever between March 31, 2020, through June 26, 2020, Melissa had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiff's wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

20. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

21. Corporate Defendant's annual revenues exceed $500,000 for the year 2020.

---

[1] For purposes of this Complaint this time period shall be Referred to the "Relevant Time Period" and all allegations claimed herein refer to times within the Relevant Time Period.

22. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

23. On information and belief, Corporate Defendant regularly employs more than one individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the State of New York.

24. On information and belief, Corporate Defendant regularly purchases goods from locations outside the State of New York and utilizes such products within the State of New York.

25. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose.

26. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) serving alcohol, (2) advertising, (3) bookkeeping, (4) managing employees, (5) selling, (6) hosting parties, and (7) purchasing supplies (jointly as the "Related Activities").

27. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

28. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

29. During the Relevant Time Period, Corporate Defendant did not record the Plaintiff's exact daily work start time and exact daily work end time.

30. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff.

31. The Plaintiff was an employee of the Corporate Defendant during the Relevant Time Period.

32. The Plaintiff was not an independent contractor while performing services for Corporate Defendant during the Relevant Time Period.

33. Corporate Defendant provided all of the equipment and material for the Plaintiff to perform his job.

34. Corporate Defendant treated the Plaintiff as a "W-2" wage earner.

35. Corporate Defendant set the Plaintiff's work schedule and method and rate of pay.

36. Corporate Defendant assigned the Plaintiff the specific job duties to which he had to perform.

37. The Plaintiff was not free to hire other employees to work in his place to perform his job duties for Corporate Defendant.

38. Plaintiff never had any ownership interest in Corporate Defendant and never invested capital into Corporate Defendant.

**PLAINTIFF KRYSTAL DUNBAR:**

39. Plaintiff started working for Corporate Defendant on March 31, 2020.

40. Plaintiff stopped working for Corporate Defendant on June 26, 2020.

41. Corporate Defendant employed Plaintiff as a cashier.

42. Corporate Defendant employed Plaintiff as a "fast food employee" as defined in 12 NYCRR §146-3.13(a).

43. Plaintiff performed work for Corporate Defendant during the 2020 calendar year.

44. During the week of April 24, 2020, Corporate Defendant underpaid Plaintiff 8.5 hours of overtime at an overtime rate of $22.50, totaling $191.25.

45. The week of May 15, 2020, corporate Defendant underpaid Plaintiff 9.5 hours of overtime at an overtime rate of $22.50, totaling $213.75.

46. The last week of May 2020, defendant failed to pay Plaintiff 1 hour of work totaling $15.00

47. Corporate Defendant failed to comply with the provisions of 12 NYCRR §146-2.3 by failing to provide Plaintiff with an accurate paystub each week that the Plaintiff was paid by Defendants.

48. Corporate Defendant did not provide Plaintiff with an accurate statement of wages with each payment of wages that set forth Plaintiff's hours worked and the rate of pay.

49. Corporate Defendant failed to provide Plaintiff with a written notice of pay rate that set forth the tip credit and rates of pay that Corporate Defendant was using to compensate Plaintiff.

50. Krystal made numerous complaints to her managers concerning her unpaid wages and lack of paystubs and notices. She began by lodging complaints to her first manager- Alam. Krystal made repeated requests for a paystub, and Alam kept telling her that the printer was broken. Shortly after, Alam left the store and was replaced by Melissa. When Melissa started, Krystal told her that she was owed unpaid overtime wages. Melissa told Krystal to take it up with Alam. Krystal made repeated attempts to contact Alam. After repeated attempts, she finally contacted Alam, who said he would get back to her, but never did.

51. While Melissa was manager, Corporate Defendant began to issue paystubs, but the paystubs were inaccurate. Krystal contacted her manager Melissa and informed her that Corporate Defendant was automatically deducting break time from employee pay when the employees did not take breaks. Additionally, the total hours listed on her paycheck were incorrect as Melissa omitted 9.5 hours of overtime. In response, Melissa accused Krystal of changing her hours and faulting her for not taking full breaks. Instead of paying Krystal all money owed, Melissa offered to pay Krystal $60. Krystal refused to accept less money than what she was owed. Next, Melissa and Kabir told Krystal that they would pay her the owed wages the following week. In response, Krystal demanded all of her back paystubs so she could reconcile all of her hours and wages.

52. Immediately after Krystal's confrontation with Melissa and Kabir, Corporate Defendant decided to move Krystal to another Corporate Defendant location in Baychester. Prior to moving Krystal, Corporate Defendant issued her a paystub with missing hours and time. Krystal confronted Melissa again, and in response, Melissa said that Krystal had been taken off of the schedule for the weekend and was to report to Baychester on the following Monday.

53. Krystal contacted her general manager and stated that she could not work in Baychester due to transportation reasons and that her paystubs were inaccurate. In response, Krystal was told to quit and that her paystubs were accurate. Thereafter, Krystal was not transferred but was left off the schedule for two weeks. Every manager and supervisor blocked her calls, would not pick up her call, or would not return her phone call. Krystal contacted the manager of the Baychester restaurant who told Krystal that she was unaware of any transfer and that there was no transfer order pending.

54. After two weeks of being given the run around, Krystal had to physically go to the restaurant to find out why Corporate Defendant was not scheduling her to work. Krystal learned that the Baychester manager started managing the store at which Krystal last worked, and Krystal was rehired briefly. During her brief rehire, Krystal continued to complain about money she was owed and paystubs she was not provided.

55. Then, in violation of the NYC paid *sick leave* and *safe leave* law, Corporate Defendant summarily fired Krystal when she notified Corporate Defendant that she needed a few days off to address a family emergency. Instead of inquiring as to the nature of the leave, Corporate Defendant fired Krystal.

56. Corporate Defendant fired Krystal despite having never called out from work prior, and despite that Corporate Defendant routinely permitted other employees to take leave from work when requested. Moreover, while Krystal worked for Corporate Defendant, she routinely witnessed people repeatedly come in to work late and miss work, yet Corporate Defendant never fired these poorly performing employees. Clearly, the real reason Corporate Defendant terminated Krystal was because she continued to attempt to collect her unpaid wages, and engaged in other protected activity as specified herein.

### FIRST CAUSE OF ACTION
**(Failure to pay wages)**
**NY Lab. Law §191**

57. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

58. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

59. Defendants failed to pay Plaintiff his wages as required by NYLL §191 by not paying wages within the statutory time-period.

60. Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.

5

**SECOND CAUSE OF ACTION**
**(Failure to provide wage notices)**
**(NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))**

61. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

62. Under the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer per NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

63. Defendants willfully failed to furnish Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including overtime hours; deductions, allowances, and net wages.

64. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

65. Defendants failed to provide Plaintiff an accurate statement with each payment of wages that sets forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals, and lodging) if any, deductions and net wages.

66. Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

**THIRD CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**(FEDERAL)**
**29 U.S.C §206**

6

67. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

68. The minimum wage provisions outlined in the FLSA, 29 U.S.C. §§ 201 *et seq.* and the supporting federal regulations apply to Defendants and protect the Plaintiffs.

69. Defendants failed to pay Plaintiff minimum wages to which he is entitled under the FLSA and the supporting Federal Regulations.

70. Because of Defendants' unlawful acts, Plaintiff has been deprived of minimum compensation in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation according to the FLSA.

71. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA concerning the compensation of the Plaintiff.

72. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**FOURTH CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**(NY STATE)**
**12 N.Y.C.R.R §146-1.2**

73. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

74. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs.

75. Defendants failed to pay Plaintiff overtime wages to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

76. By Defendants' knowing or intentional failure to pay Plaintiff the minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

77. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

**FIFTH CAUSE OF ACTION**
**(Unlawful Retaliation)**
**(NY STATE)**
**NY Lab. Law §215**

78. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

79. The provisions of NY Lab. Law §215 apply to the Defendants and protect the Plaintiff.

80. Under NY Lab. Law §215, the Defendants were prohibited from unlawfully retaliating against Plaintiff for complaining about the Defendants violations of the New York Labor Law.

81. The Defendants unlawfully terminated Plaintiff for complaining about the Defendants unlawful pay practices as set forth in this Complaint.

82. By the Defendants' conduct, Plaintiff is entitled to recover lost wages, liquidated damages, attorney fees, costs, and pre-judgement and post-judgement interest from the Defendants.

### SIXTH CAUSE OF ACTION
### (Unlawful Retaliation)
### (Federal- 29 USC §215)

83. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

84. The provisions of 29 U.S.C. §215 apply to the Defendants and protect the Plaintiff.

85. Under 29 U.S.C. §215, the Defendants were prohibited from unlawfully retaliating against Plaintiff for complaining about the Defendants violations of the New York Labor Law.

86. The Defendants unlawfully terminated Plaintiff for complaining about the Defendants unlawful pay practices as set forth in this Complaint.

87. By the Defendants' conduct, Plaintiff is entitled to recover lost wages, liquidated damages, attorney fees, costs, and pre-judgement and post-judgement interest from the Defendants.

### SEVENTH CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal- 29 USC 201 et. seq.)

88. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

89. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

90. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

91. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

92. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

93. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## EIGHTH CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)

94. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein..

95. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiff.

96. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

97. By the Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

98. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

C. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

D. Reimbursement of all lost wages and benefits pursuant to 29 U.S.C. §215 and NY Lab. Law. §215 and an additional amount as liquidated damages pursuant to the NYLL and FLSA.

E. Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provided a wage notice according to NYLL §198(1-b);

F. Statutory damages equal to $250 for each workday up to a maximum of $5,000

for each workday Plaintiff was not provided a statement of wages pursuant to NYLL §198(1-d);

      G.      Pre-judgment interest and post-judgment interest;

      H.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

      I.      Reasonable attorney fees and costs of the action;

      J.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:  White Plains, New York
          September 14, 2020

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
