## <u>CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT</u>

### KRYSTAL DUNBAR
### vs.
### 4399 BRONX CHICKEN LLC, ALI BUTT, KABIR (LNU), MELISSA (LNU),

### United Stated District Court for the Southern District of New York
### NO. 7:20-cv-07884

This General Release and Settlement Agreement, hereinafter "Agreement," is by and between **Krystal Dunbar**, an adult individual hereinafter "Plaintiff," and **4399 Bronx Chicken LLC, Ali Butt, Kabir Humayun, and Melissa Rosado** on behalf of itself and its past, present, and future affiliates, partners, stockholders, successors, assigns, officers, directors, owners, managers, members, joint ventures, insurers and reinsurers, attorneys, agents, representatives, employees, former employees, and any other person, firm or corporation with whom any of it is now or may hereafter be affiliated, in their individual capacities as such, (hereinafter "Defendants"), collectively "the parties."

**WHEREAS**, Plaintiff filed an action in the Federal District Court for the Southern District of New York, No. 7:20-cv-07884 against Defendants, alleging certain violations of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*., and the New York Labor Law for Defendant's alleged retaliation, failure to pay wages, overtime wages, and Defendants denied those claims.

**WHEREAS**, the terms of this Agreement are the result of mutual negotiations and compromise between Defendants and Plaintiff through their respective counsel and reflects a desire of Plaintiff and Defendants to enter into this Agreement to resolve any and all disputes and claims between them.

**WHEREAS**, to the extent there may be monies owed to Plaintiff under the Fair Labor Standards Act and/or the New York Labor Law, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by the Plaintiff; and,

{NY558506.1}

**WHEREAS**, the meaning, effect and terms of this Agreement have been fully explained to Plaintiff and Defendants by their own counsel, and Plaintiff understands that by entering into this Agreement she waives with prejudice any and all charges, claims, actions or causes of action against Defendants including, without limitation, those filed in the action captioned above.

**NOW, THEREFORE**, for the consideration of the mutual promises, covenants, and conditions contained herein and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **No Admission of Liability:**  Plaintiff and Defendants acknowledge and agree that the parties are entering into this Agreement to avoid the costs and risks of further litigation and to amicably settle all differences between them, and that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed as an admission by Defendants of any liability, or violation.

2. **Specific Wage and Hour Release by Plaintiff:** In consideration for payment of the Settlement Amount and Defendants' obligations contained herein, Plaintiff agrees she shall irrevocably and unconditionally release, acquit, and forever discharge Defendants and their parents, subsidiaries, members, managers, officers and directors of and from any and all federal, state, or local wage and hour-related claims, rights, demands, liabilities, debts, suits, causes or actions, accounts, bonds, contracts, agreements, judgments, whatsoever in law or equity, including, without limitation, failure to pay minimum wages and/or overtime compensation, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state, or local wage and hour laws, including, but not limited to the Fair Labor Standards Act, and the New York Labor Law.

The Parties understand and agree nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as may be applicable on the date Plaintiff signs this Agreement, (iii) that may arise after Plaintiff signs this Agreement, or (iv) which cannot be released by private agreement.

For the avoidance of doubt, nothing in this Release nor any other provision of this Agreement is intended to affect, nor shall it be interpreted to affect, the right of any individuals apart from the Parties as defined above.

**3. <u>Payment Terms</u>:** Payment of the above sum of $25,000.00 shall be made by Defendants on the twentieth (21st) day after Plaintiff provides to Defendants a signed copy of this agreement and executed W-9's, as follows:

*a.* **A check made payable to Plaintiff Krystal Dunbar in the amount ($4,543.00), representing Four Thousand Five Hundred and Forty-Three Dollars and Zero Cents for unpaid compensation. overtime compensation, and back pay, subject to payroll withholding taxes and deductions, reported on IRS W-2 form for unpaid wages.**

*b.* **A check made payable to Plaintiff Krystal Dunbar in the amount Eleven Thousand Five Hundred and Twenty-Four Dollars and Zero Cents ($11,524.00), representing liquidated damages and compensatory damages for emotional distress (the "Damage Payment"), which shall not be subject to tax withholding or payroll deductions, for which Defendants will issue a 2019 IRS Form 1099 to Plaintiff.  Plaintiff, and not Defendants, is and shall be responsible for any and all taxes, federal, state or local, as may be imposed**

**with respect to the Damage Payment, including without limitation, the employee share of FICA. Plaintiff shall provide a completed IRS Form W-9 to Company upon signing this Agreement.**

*c.* **A check made payable to Plaintiff's counsel of record El-Hag & Associates, P.C., in the amount of Eight Thousand Nine Hundred and Thirty-Three Dollars and Zero Cents ($8,933.00), representing attorneys' fees and costs which amount shall be reported to taxing authorities on an IRS form 1099 Misc.**

4. <u>**Consideration**</u>: The Plaintiff acknowledges that: (a) the payments, rights and benefits being made hereunder by the Defendants are being accepted by the Plaintiff as good and valuable consideration to resolve a disputed claim, (b) this Agreement is intended as a full settlement and release of all of the Plaintiff's rights, entitlements, claims, actions or causes of action against Defendant arising from the allegations she raised in of *Krystal Dunbar v. 4399 Bronx Chicken LLC, Ali Butt, Kabir (LNU), and Melissa (LNU)* SDNY Docket Number 7:20-cv-07884. (c) unless specifically provided for in this Agreement, the Defendant shall not and will not have any other liability or obligation to the Plaintiff, now or in the future for any reason whatsoever arising from actions specifically as set forth above.

Should Defendants fail to make the settlement payments within the time set forth herein, this Agreement will become null and void as if it was never entered into and the lawsuit shall be returned to the docket for litigation. The Court Shall retain jurisdiction over the Lawsuit.

5. <u>**Order of Court Approval**</u>: Upon execution of this Agreement, the Parties will present this Agreement to the Court for its approval.  The Parties agree to cooperate with one another in the preparation of any paperwork which may be necessary to obtain Court approval of this

Agreement, although it is understood and agreed that Plaintiff shall bear the primary responsibility for drafting the Parties' joint letter to the Court. In the event the Court fails to approve the Agreement and enter an order of dismissal of the Lawsuit in accordance with this Agreement, the parties shall meet and confer to discuss the Parties' next course of action.

6. **Prevailing Party:** Plaintiff and Defendants expressly acknowledge that this settlement agreement shall not be used in the future, as the basis of an application for costs or attorney's fees to prove that either party is the "prevailing party" for the purposes of this litigation.

7. **Limited Confidentiality/No material Default:** It is agreed by and between the Parties, and their respective counsel, not to make or publish any statements to the press or media regarding the terms and substance or negotiation of this Agreement. In response to any inquiries from members of the press or media, the Parties agree to simply state, "The matter has been resolved to the Parties' satisfaction" and refrain from further comment. However, this limited confidentiality requirement shall not prohibit the Parties from disclosing the existence or terms of this Agreement to their respective legal counsel, accountants, financial advisors, spouses, or other close immediate family members, or as may be compelled by court order, subpoena, or other legal process. For the avoidance of doubt, the terms of this limited confidentiality provision shall not prohibit Plaintiff from making any statements necessary to obtain the Court's approval of this agreement. Plaintiff understands, covenants, and agrees that Defendant may seek to enforce this limited confidentiality requirement by seeking appropriate equitable relief, but that Defendant shall not be entitled to recover legal damages or penalties associated with Plaintiff's violation of this confidentiality requirement in any such enforcement action.

8. **Taxes:** It is further agreed by and between the Parties that the Plaintiff shall be fully responsible for any State or Federal employee paid taxes that may be finally determined to be

owing, as a result of Plaintiff's individual tax liability, by any taxing authority as a result of the cash settlement payment described herein.  Plaintiff agrees to be responsible for any such taxes and Plaintiff agrees to indemnify, defend and hold the Defendant harmless from any claims for additional taxes, penalties and/or interest that any such taxing authority may finally assess, except if the IRS determines that standard employer FICA/FUTA or similar federal or state taxes paid by Defendants as part of W-2 wages are due as set forth above in paragraph 3(a).

9. **Mutual Non-Disparagement:** The Plaintiff and the Defendants agree that neither party will make or cause to be made any statements, whether oral or written, which disparage Plaintiff or Defendants in their business, professional or personal dealings.

10. **Neutral Reference:**  Defendants agree to provide a neutral reference for Plaintiff to prospective employers consisting of confirmation of title and dates of employment; prospective employers will be told that it is the policy of Defendants to provide no further information.

11. **Attorneys' Fees and Costs:**  This Agreement effectuates settlement as to all claims including any claim for attorney's fees and costs, which the Plaintiff may have been entitled to recover under federal and/or state law.  The Parties shall each bear their own costs, fees and expenses incurred in connection with the Action and in the preparation of this Agreement, except as expressly set forth in the Agreement.

12. **Indemnification:**  In the event of a breach of any material term or condition of this Agreement, the non-breaching party may seek appropriate redress.  In the event of litigation over the breach of this Agreement, the prevailing party shall be entitled to have its costs and reasonable counsel fees paid by the non-prevailing party.

13. **Documentation**:  The Parties agree to take such further action and execute and deliver such additional documents as may be reasonably necessary or appropriate to effectuate the terms of this Agreement.

14. **No Presumption Against Drafter:**  The Parties acknowledge and agree that: (a) this Agreement has been freely negotiated by the Parties, (b) in any controversy, dispute or contest over the meaning, interpretation, validity, or enforcement of this Agreement, or any of its terms and conditions, there shall be no inference, presumption or conclusion drawn whatsoever against any Party by virtue of that Party having drafted or participating in the drafting of this Agreement or any portion thereof, and (c) they hereby knowingly, intelligently and voluntarily waive the benefit of any law, court decision, or rule of contract construction that would otherwise permit a court to construe any perceived ambiguity in this Agreement against the drafter of this Agreement.

15. **Representations:**  Defendant warrants that no promise or inducement has been offered except as herein set forth.  Plaintiff agrees that this Agreement has been executed by her without reliance upon any statement or representation by the person or parties released, or their representatives, or attorneys, in any manner, oral, written, implied or otherwise, concerning the nature and extent of the alleged injuries and/or damages and/or legal liability therefore.

16. **Invalidity:**  If any provision of this Agreement shall for any reason be held to be invalid or unenforceable, any such invalidity or unenforceability shall not affect any other provision hereof or thereof, but this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein or therein.

17. **Binding Effect:**  This Agreement shall be binding upon and inure to the benefit of

each of the Parties hereto and, as applicable, their respective divisions, subsidiaries, affiliated companies, officers, directors, servants, agents, Plaintiff's heirs, executors, administrators, successors and assigns.

18. **Governing Law:** This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without regard to its conflict of law provisions.

19. **Headings:** Headings of the paragraphs of this Agreement are for the convenience of the Parties only and shall be given no substantive or interpretive effect whatsoever.

20. **Entire Agreement:** This Agreement constitutes the entire agreement between the Parties, and the Parties hereby represent and warrant there are no other agreements, promises, representations, or warranties made or given in connection with any of the foregoing or concerning the subject matter of this Agreement that are not contained or expressed herein.

21. **Amendments and Waivers:** The provisions of this Agreement shall not be modified or amended unless by written agreement entered into and signed by all Parties to this Agreement, and may be waived only by a written waiver signed by all Parties. No waiver, modification or amendment shall extend to or affect any obligation not expressly waived, modified or amended, or impair any right related to such obligation.

**IN WITNESS WHEREOF**, the Parties have read and agree to be bound by the above terms and conditions and have entered into this Agreement effective as of the date set forth above. Plaintiff hereby certifies that she is entering into this Agreement knowingly and voluntarily and not as a result of any pressure, coercion or duress. Plaintiff is strongly encouraged to consult with counsel prior to the signing of this Agreement. Plaintiff acknowledges she has sought the counsel of her attorneys Jordan El Hag, El-Hag & Associates, P.C., before entering into this agreement.

This Agreement shall be binding upon and inure to the benefit of each of the parties hereto and, as applicable, their respective divisions, subsidiaries, affiliated companies, officers, directors, servants, agents, Plaintiff's heirs, executors, administrators, successors and assigns.

The individual signatory for Defendants, by the signature below, warrants that he is authorized to enter into this agreement by and on behalf of the Defendants for whom this Agreement is executed.

**IN WITNESS WHEREOF**, the undersigned have hereunto set her hand and seal, affixed this _26th_ day of _April_, 2021.

**WITNESS:**

_____        _____
    Jordan EL-Hag, Esq.                    KRYSTAL DUNBAR
Date: _4/26/2021_


**WITNESS:**

_____        _____
                                    ALI BUTT (Individually and on behalf of
                                    4399 Bronx Chicken LLC, as a Member)
Date: _____


**WITNESS:**

_____        _____
                                    MELISSA ROSADO
Date: _____


**WITNESS:**

_____        _____
                                    KABIR HUMAYUN
Date: _____


{NY558506.1}                              9

DocuSign Envelope ID: 5B9C069E-8C2F-44FC-BF31-CD4851E00F1E

This Agreement shall be binding upon and inure to the benefit of each of the parties hereto and, as applicable, their respective divisions, subsidiaries, affiliated companies, officers, directors, servants, agents, Plaintiff's heirs, executors, administrators, successors and assigns.

The individual signatory for Defendants, by the signature below, warrants that he is authorized to enter into this agreement by and on behalf of the Defendants for whom this Agreement is executed.

**IN WITNESS WHEREOF**, the undersigned have hereunto set her hand and seal, affixed this 26th day of April , 2021.

**WITNESS:**

_____
Jordan EL-Hag, Esq.

Date: 4/26/2021

KRYSTAL DUNBAR

**WITNESS:**

_____

Date: 4/30/2021

ALI BUTT (Individually and on behalf of
4399 Bronx Chicken LLC, as a Member)

**WITNESS:**

_____

Date: _____

MELISSA ROSADO

**WITNESS:**

_____

Date: _____

KABIR HUMAYUN

{NY558506.1}                                        9

This Agreement shall be binding upon and inure to the benefit of each of the parties hereto and, as applicable, their respective divisions, subsidiaries, affiliated companies, officers, directors, servants, agents, Plaintiff's heirs, executors, administrators, successors and assigns.

The individual signatory for Defendants, by the signature below, warrants that he is authorized to enter into this agreement by and on behalf of the Defendants for whom this Agreement is executed.

**IN WITNESS WHEREOF**, the undersigned have hereunto set her hand and seal, affixed this 26th _____ day of ____April_____, 2021.

**WITNESS:**

_____

Jordan EL-Hag, Esq.

Date: 4/26/2021 _____

KRYSTAL DUNBAR

**WITNESS:**

_____

Date: 4-29-21

ALI BUTT (Individually and on behalf of 4399 Bronx Chicken LLC, as a Member)

**WITNESS:**

_____

Date: 4-29-21

MELISSA ROSADO

**WITNESS:**

_____

Date: 4-29-21

KABIR HUMAYUN