UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Krystal Dunbar,

                    Plaintiff,

-against-

4399 Bronx Chicken LLC., Ali Butt,
Kabir (LNU), Melissa (LNU),

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/2021
```

20 Civ. 7884 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Krystal Dunbar, brings this action against Defendants, 4399 Bronx Chicken LLC, Ali Burt, Kabir (LNU), and Melissa (LNU), for, *inter alia*, unpaid minimum and overtime wages and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, and for unpaid wages under the NYLL and for failure to abide by its notice provisions. ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 20-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 20. For the reasons stated below, the motion is DENIED.

## DISCUSSION

### I. Legal Standard

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores,*

*Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), *report and*

*recommendation adopted*, 2010 WL 2545472 (E.D.N.Y. June 18, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.  Analysis

The Settlement provides Plaintiff with a recovery of $25,000 to be allocated as follows: $16,067 to be paid to Plaintiff, and $8,933 to be paid to Plaintiff's counsel in attorney's fees. Settlement § 3; *see also* Letter at 1. Plaintiff's possible maximum recovery is approximately $52,240, excluding attorney's fees and costs, and including liquidated damages and possible recovery on her retaliation claims. Letter at 2. Plaintiff's counsel estimates Plaintiff's possible maximum recovery on her wage claims to be $420. *Id.* The parties acknowledge that Plaintiff's primary claims are for retaliation—Plaintiff alleges that she was wrongfully fired and Defendants claim that she quit. *Id.* Additionally, the parties state that they engaged in arm's-length bargaining before a mediator, and there is no evidence of fraud or collusion. *Id.* at 6. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

The Settlement's release provision in § 2 is "fair and reasonable" because it only releases Defendants from Plaintiff's claims that arise under "all federal, state, or local wage and hour-related claims." Settlement § 2; *Cheeks*, 796 F.3d at 206; *see* Letter at 1. Accordingly, the Court finds this provision permissible.

However, the Settlement's confidentiality provision that limits Plaintiff from discussing "the terms and substance or negotiation of this [Settlement]" with the media is impermissible. Settlement § 7; *Amaro v. Barbuto, LLC*, No. 16 Civ. 1581, 2017 WL 476730, at *3 (S.D.N.Y. Feb. 2, 2017) (declining to approve an FLSA settlement containing a confidentiality provision

that only limited what the plaintiff could say to media outlets).  The Settlement also includes a broad non-disparagement provision, which runs afoul of the remedial provisions in the FLSA. Settlement § 9; *Tokareva v. Sec. Serv. Provider Corp.*, No. 20 Civ. 9867, 2021 WL 1093655, at *1 (S.D.N.Y. Jan. 29, 2021) (Non-disparagement clauses "prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights[.]").

Turning to attorney's fees, Plaintiff's counsel seeks a fee of approximately one-third of the settlement proceeds plus costs, in the amount of $8,933.  Settlement § 3(c).  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).  Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $7,385 in attorney's fees and $400 in costs, based on the sole attorney representing Plaintiff, Jordan El-Hag, billing 21.1 hours at a rate of $350 per hour.  *See* Ex. 4 at 3, ECF No. 19-4; Letter at 2, 7.  The requested attorney's fees award is $8,533—approximately 1.2 times the lodestar amount.  In other words, Plaintiff's counsel will recover an award of attorney's fees that is greater than the lodestar amount.  Courts in this district have found similar awards to be fair and reasonable.  *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this

[d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.") (collecting cases) (internal quotation marks and citation omitted).  Thus, given that the attorney's fees represent approximately one-third of the total recovery amount, and are not significantly more than the lodestar amount, the Court finds that the requested award of attorney's fees and costs is within a reasonable range given the risk of taking on a contingency fee case and the substantial success obtained in this case.

Accordingly, the parties' motion is DENIED.

## CONCLUSION

The parties' motion for settlement approval is DENIED.  By **June 23, 2021**, the parties are directed to file a revised settlement agreement in accordance with this order.

SO ORDERED.

Dated: June 9, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge